20-3493-ag
Ruesch v. Commissioner of Internal Revenue

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2021

(Argued: November 23, 2021          Decided: January 27, 2022)

Docket No. 20-3493-ag

_____

VIVIAN RUESCH,

*Petitioner-Appellant*,

v.

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Before:

KEARSE, LOHIER, and LEE, *Circuit Judges*.

We are asked to consider whether the United States Tax Court (Lauber, J.) properly dismissed the Petitioner's challenge to the certification of her tax debt as "seriously delinquent" under 26 U.S.C. § 7345. Under that statute, if a court determines that such a certification was erroneous, it may order the Secretary of the Treasury to notify the Secretary of State of that fact. No other relief is authorized. While Petitioner's claims were pending before the Tax Court, the Commissioner of Internal Revenue reversed the certification and so notified the Secretary of State. The Commissioner's action thus granted the Petitioner all the relief to which she was entitled under Section 7435. Accordingly, the Tax Court's order dismissing the case is AFFIRMED in part insofar as it dismissed certain of Petitioner's claims as moot, and is VACATED and REMANDED in part with instructions to the Tax Court to

dismiss all the remaining claims as moot insofar as it dismissed those claims for lack of statutory jurisdiction.

FRANK AGOSTINO (Phillip J. Colasanto, Andrew D. Lendrum, *on the brief*), Agostino & Associates, P.C., Hackensack, NJ, *for Petitioner-Appellant* Vivian Ruesch.

MARION E.M. ERICKSON, Attorney, Tax Division (Michael J. Haungs, Attorney, Tax Division, *on the brief*), *for* David A. Hubbert, Acting Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C., *for Respondent-Appellee* Commissioner of Internal Revenue.

PER CURIAM:

Under 26 U.S.C. § 7345, if the Internal Revenue Service ("IRS") certifies that an individual taxpayer has a "seriously delinquent tax debt," the Secretary of the Treasury must transmit the certification to the Secretary of State, who is then authorized to deny, revoke, or limit the taxpayer's passport. In 2018 the Commissioner of Internal Revenue assessed civil penalties against Vivian Ruesch for failing to provide the IRS with financial and other information regarding foreign businesses it believed she controlled. When Ruesch refused to pay the penalties, the IRS certified that she had a "seriously delinquent tax debt" under 26 U.S.C. § 7345, thus imperiling her ability to use her passport. In April 2019 Ruesch filed a petition with the United States Tax

2

Court challenging the Commissioner's certification. While her challenge was pending, the Commissioner reversed the certification as erroneous and so notified the Secretary of State. By order dated June 29, 2020, the Tax Court (Lauber, J.) dismissed Ruesch's petition, holding that it lacked jurisdiction to assess the validity of her underlying liability for the penalties the IRS had assessed against her, which formed the basis for her debt, and that her challenge to her certification was moot in light of the IRS's reversal. Ruesch appeals from that order, and we now **AFFIRM** in part insofar as the Tax Court dismissed some of Ruesch's claims as moot and **VACATE** and **REMAND** in part with instructions to the Tax Court to dismiss all the remaining claims as moot insofar as it dismissed those claims for lack of statutory jurisdiction**.**

## BACKGROUND

On February 12, 2018, the IRS notified Ruesch, a United States citizen, that it had assessed $160,000 in civil penalties against her for tax years 2005 through 2010. The penalties were assessed under 26 U.S.C. § 6038, which requires United States taxpayers to pay a fine for failing to file information returns relating to foreign business entities in which they have a controlling

3

interest. The IRS's notice advised Ruesch of her various options, including paying the penalties within ten days or filing a written request to appeal within thirty days. In April 2018 the IRS notified Ruesch of its intent to seize (or levy) her property or right to property if she failed to pay the penalties. In September 2018, when Ruesch had still failed to pay, the IRS sent her a Notice of Federal Tax Lien alerting her that the Government had filed a lien on her property.

In December 2018 the Commissioner certified that Ruesch owed a "seriously delinquent tax debt" under 26 U.S.C. § 7345, a law enacted in 2015 as part of the Fixing America's Surface Transportation Act (the "FAST Act"), Pub. L. No. 114-94, § 32101(a), 129 Stat. 1312, 1729–30 (2015), to increase tax compliance. Under Section 7345, "if the Secretary [of the Treasury] receives certification by the Commissioner of Internal Revenue that an individual has a seriously delinquent tax debt, the Secretary shall transmit such certification to the Secretary of State for action with respect to denial, revocation, or limitation of a passport." 26 U.S.C. § 7345(a).

The following April, Ruesch filed a petition with the Tax Court challenging both the Commissioner's certification as well as the underlying

4

penalties that were assessed against her. The Commissioner moved to dismiss the challenge to Ruesch's penalties for lack of subject matter jurisdiction. While the petition before the Tax Court remained pending, the Commissioner discovered that Ruesch had tried to contest her underlying tax liability in October 2018 by requesting a due process hearing before the IRS Independent Office of Appeals, but that the IRS had somehow misplaced her request.[1] Section 7345(b)(2)(B)(i) of the federal Tax Code provides that if a person has requested a due process hearing, or if such a hearing is pending, he or she cannot be certified as having a "seriously delinquent tax debt." 26 U.S.C. § 7345(b)(2)(B)(i). After realizing its error, the IRS reversed Ruesch's certification, so notified the Secretary of State, and moved to dismiss Ruesch's petition as moot.

On June 29, 2020, the Tax Court granted both the IRS's motion to dismiss for lack of jurisdiction and its motion to dismiss the petition as moot. First, the Tax Court held that Section 7345(e) limited the court's jurisdiction to "determining whether the Commissioner erred in certifying (or in failing to

---

[1] At oral argument, counsel for the Commissioner acknowledged that there had been "several administrative lapses in this case" as a result of "the IRS's very outdated computer system." Oral Arg. at 11:55–12:06.

reverse a certification) that a taxpayer owes a 'seriously delinquent tax debt.'"

Ruesch v. Comm'r of Internal Revenue, 154 T.C. 289, 296 (2020). The Tax Court explained that the text of Section 7345 did not authorize it to rule one way or the other on the validity of Ruesch's underlying liability for the penalties the IRS had assessed against her. Id. Second, the Tax Court held that Ruesch's remaining claims were moot "because the IRS ha[d] reversed its certification and so informed the Secretary of State." Id. at 298. Ruesch had therefore received "all of the relief that she requested and that [the Tax Court] could grant." Id. at 299.

This appeal followed.

**DISCUSSION**

I

We begin by reviewing de novo the Tax Court's conclusion that some of Ruesch's claims are moot. See Comer v. Cisneros, 37 F.3d 775, 787 (2d Cir. 1994). Although the Tax Court is an Article I court, see Freytag v. C.I.R., 501 U.S. 868, 870 (1991), the "case or controversy requirement under Article III

6

presumptively applies [there],"[2] Battat v. Comm'r of Internal Revenue, 148 T.C. 32, 46 (2017). That requirement exists to ensure that a "litigant's interest in the outcome continues throughout the life of the lawsuit." Comer, 37 F.3d at 798 (quotation marks omitted). "In general, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Id. (quotation marks omitted). Typically, no live controversy remains where a party has obtained all the relief "she could receive on the claim through further litigation." Radha Geismann, M.D., P.C. v. ZocDoc, Inc., 909 F.3d 534, 541 (2d Cir. 2018) (quotation marks omitted); see Lane v. Williams, 455 U.S. 624, 633 (1982).

As we have stated, the IRS's certification under Section 7345 threatened Ruesch's ability to access or use her passport. With respect to Ruesch's so-called "passport" claims challenging the certification, the Tax Court concluded that "there remains no justiciable case or controversy between the

---

[2] We do not appear to have previously addressed this issue in a published opinion, but we agree with those sister circuits that have applied the "case or controversy" requirement to the Tax Court. See, e.g., Wilson v. Comm'r of Internal Revenue Serv., 805 F.3d 316, 319 (D.C. Cir. 2015); Charlotte's Office Boutique, Inc. v. Comm'r of Internal Revenue, 425 F.3d 1203, 1211 n.7 (9th Cir. 2005).

parties . . . because the IRS has reversed its certification and so informed the Secretary of State." Ruesch, 154 T.C. at 298.  We agree.

Ruesch has received all the relief to which she is entitled by statute. Under Section 7345, an individual may bring a civil suit in the Tax Court or in federal district court for a limited purpose: "to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification."  26 U.S.C. § 7345(e)(1).  If the court determines that the certification was made in error, "then the court may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous."  26 U.S.C. § 7345(e)(2).  The statute authorizes no other relief.  By the time the Tax Court issued its order in this case, the IRS had already conceded that its certification was erroneous, reversed that certification, and notified the State Department.  There was thus no longer a reasonable risk that Ruesch's passport would be denied, revoked, or limited.  In light of these actions, the Tax Court could not have afforded Ruesch "any further relief with respect to her passport claims."  Ruesch, 154 T.C. at 299.

Ruesch relies on the voluntary cessation doctrine to argue that her passport claims in fact remain live.  That doctrine—an exception to mootness

8

that applies where a defendant voluntarily ceases the offending conduct—aims to prevent parties from "evad[ing] judicial review . . . by temporarily altering questionable behavior." Connecticut Citizens Def. League, Inc. v. Lamont, 6 F.4th 439, 446 (2d Cir. 2021) (quotation marks omitted). But the doctrine is not absolute. A case can be moot notwithstanding a defendant's voluntary cessation if the defendant can demonstrate, first, that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," and second, that "there is no reasonable expectation that the alleged violation will recur." Id. (quotation marks omitted).

As the Tax Court determined, both conditions are satisfied here. By reversing Ruesch's certification and notifying the Secretary of State, the IRS completely eradicated the effect of the erroneous certification. See Shitrit v. Comm'r of Internal Revenue, 121 T.C.M. (CCH) 1481, 2021 WL 2012626, at *4 (T.C. 2021). Moreover, there is no reasonable expectation that the alleged violation will recur since, by statute, the Commissioner may not recertify Ruesch's tax debt as seriously delinquent while her IRS appeal is pending. See 26 U.S.C. § 7345(b)(2)(B)(i). If Ruesch were to prevail on appeal, moreover, the IRS would have no basis to recertify her debt. It is true that the

9

IRS could decide to recertify Ruesch's tax debt if her appeal were to fail, but its recertification would not then constitute a violation of Section 7345 if all of the requirements of Section 7345 were met, and, even if the requirements were not met, Ruesch could challenge the recertification in court. To the extent that the voluntary cessation doctrine exists primarily to keep parties from acting strategically to avoid judicial review, that is not a concern here. We therefore affirm the Tax Court's dismissal of Ruesch's passport claims as moot.

## II

We turn next to the Tax Court's dismissal of Ruesch's challenge to her underlying liability for the penalties the IRS assessed against her for lack of jurisdiction. The Tax Court concluded that it lacked statutory jurisdiction to consider these claims because "nothing in the text of [S]ection 7345 . . . authorize[d it] to redetermine petitioner's underlying liability for" those penalties. Ruesch, 154 T.C. at 296. Before addressing whether it had jurisdiction under Section 7345 to evaluate Ruesch's underlying debt, however, the Tax Court should first have asked whether those claims were also moot. This is because questions relating to Article III jurisdiction,

10

including those concerning the doctrine of mootness, see Stagg, P.C. v. U.S. Dep't of State, 983 F.3d 589, 601 (2d Cir. 2020), are antecedent to and should ordinarily be decided before other issues such as statutory jurisdiction or the merits, see Butcher v. Wendt, 975 F.3d 236, 242 (2d Cir. 2020); see also Parella v. Ret. Bd. of Rhode Island Emps.' Ret. Sys., 173 F.3d 46, 54 (1st Cir. 1999).

We conclude that Ruesch's challenge, under Section 7345, to the underlying penalties assessed against her was moot at the time the Tax Court issued its order in this case. Even if the Tax Court had jurisdiction to assess the validity of Ruesch's underlying debt, Ruesch had already received the only relief she could obtain under the statute, namely, reversal of her certification as an individual with "seriously delinquent tax debt." See 26 U.S.C. § 7345(e)(2). Since there was no further relief the Tax Court could have provided under the statute, and since the statute provided Ruesch's only claimed basis for relief, it should have determined that Ruesch's remaining claims were moot.[3]

---

[3] We note that Ruesch may yet have the chance to challenge her underlying liability in court. That liability is currently the subject of an IRS appeals process that has still to run its course. See 26 U.S.C. § 6320. After receiving a final determination through that process, Ruesch will be able, if necessary, to "petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to

**CONCLUSION**

For the foregoing reasons, the order of the District Court is **AFFIRMED** in part insofar as the Tax Court dismissed some of Ruesch's claims as moot and **VACATED** and **REMANDED** in part with instructions to the Tax Court to dismiss all the remaining claims as moot insofar as it dismissed those claims for lack of statutory jurisdiction**.**

---

such matter)." <u>Id.</u> § 6330(d)(1); <u>see</u> <u>id.</u> § 6320(c). If Ruesch continues to object to the IRS's position regarding her underlying liability, she will eventually have her day in court. For now, however, there is nothing further for our Court or the Tax Court to do.