# United States Tax Court

T.C. Memo. 2023-61

GUY ALVAREZ GAYOU,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 7463-21P.                                    Filed May 16, 2023.

————————

*Joshua D. Brinen*, for petitioner.

*Lisa P. Lafferty*, for respondent.

## MEMORANDUM OPINION

JONES, *Judge*: In this passport case, brought pursuant to section 7345(e)(1),[1] petitioner, Guy Alvarez Gayou, asks this Court to review the Commissioner's certification that Mr. Gayou has seriously delinquent tax debt for taxable years 2014, 2015, and 2016 (taxable years at issue).

On February 17, 2023, respondent filed a Motion for Summary Judgment asserting that Mr. Gayou has a seriously delinquent tax debt and asking the Court to sustain the Commissioner's certification. By order issued February 24, 2023, the Court directed Mr. Gayou to respond to respondent's Motion. On March 16, 2023, Mr. Gayou, through his representative, filed an objection to respondent's Motion for Summary Judgment. The issue for decision is whether the Commissioner's

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulatory references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*2] certification that Mr. Gayou has a seriously delinquent federal tax debt for the taxable years at issue was erroneous. For the reasons discussed below, the Court will sustain respondent's certification.

*Background*

The following background is drawn from the parties' pleadings, Motion papers, and the Exhibits and Declarations attached thereto. This background is stated solely for the purpose of resolving the present Motion and is not stated as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Mr. Gayou resided in New York when he filed his Petition.

Mr. Gayou timely filed his income tax returns for the taxable years at issue, reporting tax of $3,183, $47,208, and $38,926, respectively. Mr. Gayou failed to pay the amounts reported due on his returns. Consequently, the Internal Revenue Service (IRS) assessed the tax due and various additions to tax and interest for the taxable years at issue. For the taxable years at issue, the IRS assessed additions to tax for the failure to pay the amounts shown as due on the returns; additionally, for taxable years 2015 and 2016 the IRS also assessed additions to tax for the failure to pay estimated tax. On March 4, 2019, the IRS made an adjustment to Mr. Gayou's account for taxable year 2015, wherein the agency abated $31,303; after adjustment, the amount due for taxable year 2015, excluding any additions to tax and interest, totaled $15,905.

On August 2, 2016, the IRS sent Mr. Gayou notice of the filing of a federal tax lien for taxable years 2014 and 2015. Soon thereafter, on or about August 16, 2016, Mr. Gayou timely filed a request for a collection due process (CDP) hearing pursuant to section 6320. The IRS issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 of the Internal Revenue Code, dated October 27, 2017, that sustained the filing of the notice of federal tax lien. Thereafter, Mr. Gayou filed a petition with this Court, challenging the IRS's notice of determination. *See* Petition, *Gayou v. Commissioner*, No. 24973-17L (T.C. Dec. 1, 2017). On December 3, 2018, the Court entered a stipulated decision, wherein the parties agreed to sustain the collection action for the taxable year 2014 and 2015 liabilities.

**[\*3]** Stipulated Decision, *Gayou v. Commissioner*, No. 24973-17L (T.C. Dec. 3, 2018).[2]

Additionally, on June 6, 2019, the IRS sent Mr. Gayou notice of the filing of a federal tax lien for taxable year 2016. According to a Certified Mailing Repository Individual Report, dated December 28, 2022, the notice was either refused or unclaimed.[3] Mr. Gayou did not file a request for a CDP hearing to dispute the collection action for his taxable year 2016 liability. Furthermore, the IRS has not issued a notice of intent to levy for any of the taxable years at issue.

Mr. Gayou pursued an offer-in-compromise on two separate occasions. The first instance concerned the liability for taxable year 2015, wherein a processable offer-in-compromise was pending on November 28, 2017. The first proposed offer-in-compromise was either returned or rejected on January 19, 2018. The second instance concerned the liabilities for the taxable years at issue, wherein another processable offer-in-compromise was pending on June 21, 2018. The second proposed offer-in-compromise was withdrawn or terminated on February 20, 2019. The record does not contain any evidence that Mr. Gayou is currently paying his tax liabilities pursuant to a compromise agreement under section 7122.

Shortly thereafter, Mr. Gayou entered into an installment agreement for his liabilities for the taxable years at issue. The installment agreement was entered on August 13, 2019, and was subsequently terminated on May 11, 2020. The record does not contain any evidence that Mr. Gayou is currently paying his tax liabilities pursuant to an installment agreement under section 6159.

On April 19, 2021, the IRS issued Mr. Gayou a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Department (Passport Notice), with respect to the taxable years at issue. The Passport Notice identifies unpaid federal income tax

---

[2] In his Petition, Mr. Gayou states: "The tax year 2015 is subject to on ongoing [sic] controversy in the United States Tax Court (Docket No. 3772-21)." Upon further examination, the case at Docket No. 3772-21 is not subject to an ongoing controversy, nor does it pertain to taxable year 2015. Rather, the case at Docket No. 3772-21 pertains to a tax deficiency for taxable year 2017, which is not a taxable year at issue in the instant case. Further, the Court entered a stipulated decision on January 26, 2022, fully resolving the matter.

[3] Actual receipt of a CDP notice is not a prerequisite to its validity. Treas. Reg. § 301.6320-1(a)(2), Q&A A-11.

4

[*4] liabilities of $2,741, $16,650, and $42,294 for the taxable years at issue, respectively, totaling $61,685.[4] Mr. Gayou filed a Petition disputing the Passport Notice on May 17, 2021.

*Discussion*

I. *General Principles*

A. *Summary Judgment Standard*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). In cases that are subject to a de novo scope of review, we may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp.*, 98 T.C. at 520. In cases that are decided on the administrative record, we ordinarily decide the issues raised by the parties by reviewing the administrative record using the procedure discussed in *Van Bemmelen v. Commissioner*, 155 T.C. 64, 78–79 (2020).

As in *Rowen v. Commissioner*, 156 T.C. 101, 106 (2021), we need not decide either the applicable scope or standard of review to resolve the instant case. *See also Adams v. Commissioner*, No. 1527-21P, 160 T.C., slip op. at 6–7 (Jan. 24, 2023); *Belton v. Commissioner*, T.C. Memo. 2023-13, at *9–10. As to the scope of review, there is no material dispute between the parties regarding the evidence we should consider. *See, e.g.*, *Adams*, 160 T.C., slip op. at 6–7. As to the standard of review, our decision would be the same whether we reviewed the Commissioner's certification de novo or for abuse of discretion. *See id.*

B. *Certification of Seriously Delinquent Tax Debts*

Section 7345(a) provides that, if the Commissioner certifies that a taxpayer has "a seriously delinquent tax debt," that certification shall be transmitted "to the Secretary of State for action with respect to denial, revocation, or limitation of [the taxpayer's] passport." The Commissioner is responsible for notifying the taxpayer contemporaneously with the making of such certification. § 7345(d). A

---

[4] The Passport Notice also identifies additional interest of $148, $3,807, and $7,265 for the taxable years at issue, respectively, and additional penalties of $3,504 and $8,163 for taxable years 2015 and 2016, respectively. As of the date of the Passport Notice, the liabilities, penalties, and interest total $84,572.

[*5] "seriously delinquent tax debt" is a federal tax liability that has been assessed, exceeds $50,000 (adjusted for inflation), is unpaid and legally enforceable, and with respect to which a lien notice has been filed or a levy made. § 7345(b)(1), (f). The adjusted threshold amount for taxable year 2021, the year of Mr. Gayou's certification, was $54,000. *See* Rev. Proc. 2020-45, § 3.59, 2020-46 I.R.B. 1016, 1027.

Section 7345(b)(2) provides several exceptions to the definition of a "seriously delinquent tax debt." The term does not include any debt (1) that is being paid in a timely manner pursuant to an installment agreement under section 6159; (2) that is being paid in a timely manner pursuant to a compromise agreement under section 7122; (3) for which collection is suspended as to that individual because of a requested or pending due process hearing under section 6330; or (4) for which collection is suspended as to that individual because of an election or request for relief under section 6015(b), (c), or (f). § 7345(b)(2).

C.     *Judicial Review of Section 7345 Certifications*

Section 7345(e)(1) permits a taxpayer whom the Commissioner has certified as having a seriously delinquent tax debt to petition this Court to determine "whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." Section 7345(e)(2) restricts the relief that we may grant. If we determine that a certification is erroneous, we can grant only one remedy: an order that the IRS "notify the Secretary of State that such certification was erroneous." § 7345(e)(2). Section 7345 does not authorize us to grant any other form of relief. *Ruesch v. Commissioner*, 25 F.4th 67, 70 (2d Cir. 2022), *aff'g in part, vacating in part and remanding* 154 T.C. 289 (2020); *see also Adams*, 160 T.C., slip op. at 8.

II.     *Analysis*

The Commissioner's certification that Mr. Gayou has a seriously delinquent tax debt was not erroneous. Respondent has supplied Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for Mr. Gayou for the taxable years at issue. Form 4340 provides "a true and complete data compilation for the period stated of all assessments, abatements, credits, refunds, and advance or unidentified payments, and the assessed balance relating thereto." The Forms 4340 show that, as of April 19, 2021, the date of the Commissioner's certification, Mr. Gayou had assessed, unpaid, and legally enforceable federal income tax liabilities for the taxable years at

[*6] issue, totaling $61,685, the sum of which exceeds the $54,000 threshold for certification. *See* § 7345(b)(1)(B), (f); *see also* Rev. Proc. 2020-45, § 3.59.

Regarding taxable years 2014 and 2015, Forms 4340 show that the IRS sent Mr. Gayou notice of the filing of a federal tax lien on August 2, 2016. Mr. Gayou exhausted his administrative rights under section 6320, and he filed a case with this Court wherein the Court entered a stipulated decision sustaining the notice of federal tax lien for taxable years 2014 and 2015. *See* Stipulated Decision, *supra.*

Regarding taxable year 2016, Form 4340 shows that the IRS sent Mr. Gayou notice of the filing of a federal tax lien on June 6, 2019. Mr. Gayou did not exercise his right to request a CDP hearing for taxable year 2016. Respondent has also supplied the declaration of Shawn D. Simmonds, a tax examining technician employed by respondent. Mr. Simmonds attested that he reviewed respondent's Certified Mailing Repository Individual Report and verified that the notice of federal tax lien for taxable year 2016 was sent to Mr. Gayou and was either refused or unclaimed.

Additionally, the record is devoid of any evidence that would warrant the application of an exception under section 7345(b)(2). The record reflects that Mr. Gayou is not currently paying his debt pursuant to either an installment agreement under section 6159 or a compromise agreement under section 7122. Furthermore, there is no evidence that collection of Mr. Gayou's debt is currently suspended because of a requested or pending CDP hearing under section 6330 or an election or request for relief under section 6015(b), (c), or (f).

In his objection to respondent's Motion for Summary Judgment, Mr. Gayou, through his representative, cites several inapplicable authorities, advances multiple unfounded arguments, and ignores the Court's limited inquiry in the instant case. First, Mr. Gayou's objection is nearly unintelligible because it repeatedly confuses the terms "petitioner" and "respondent." *See* Rules 350(a), 60(b), 3(c). Second, the objection cites Rules 15 and 56 of the Federal Rules of Civil Procedure, which are not the primary authorities governing amended and supplemental pleadings or summary judgment, respectively, before this Court. *See* Rules 41, 121, 1(b). Third, the objection cites a nonprecedential order issued by this Division of the Court that discusses the IRS Independent Office of Appeals' (Appeals) failure to discuss outstanding debts when considering a collection alternative in the

[*7] context of a CDP hearing, which is wholly inapplicable to the scope of the current Passport Notice proceeding. Fourth, to the extent that an argument can be divined from the objection, it acknowledges that no CDP hearing is currently pending, which forecloses the potential application of the statutory exclusion under section 7345(b)(2)(B)(i); yet the objection still asserts that the exclusion applies. Fifth, the objection asks the Court to grant Mr. Gayou an opportunity to speak with Appeals, which is outside the scope of the Court's jurisdiction in this matter. *See* § 7345(e)(2); *Ruesch v. Commissioner*, 25 F.4th at 70; *see also Adams*, 160 T.C., slip op. at 8. Finally, the objection claims that the Court's electronic filing system, DAWSON, somehow constrained the contents of the filing. As the Court similarly noted in its Order dated October 26, 2022, no such limit exists, and we find this argument similarly unavailing.

III. *Conclusion*

Respondent has properly certified that Mr. Gayou has a "seriously delinquent tax debt." The record before the Court reflects that respondent has assessed federal tax liabilities in excess of the $54,000 threshold for certification that have remained unpaid and are legally enforceable and with respect to which a lien notice has been filed. On the basis of the undisputed facts, the Commissioner has shown that Mr. Gayou's liabilities for the taxable years at issue meet the requirements for certification to the Secretary of State as a "seriously delinquent tax debt." *See* § 7345(e)(1). In reaching our decision, we have considered all arguments made and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

Accordingly,

*An appropriate order and decision will be entered.*