# United States Tax Court

160 T.C. No. 13

PRINCE AMUN-RA HOTEP ANKH MEDUTY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 32817-21P.                           Filed May 23, 2023.

————

P owed more than $100,000 in unpaid, legally enforceable federal income tax liabilities and frivolous return penalties relating to eight taxable years. R was unable to collect those liabilities and certified to the Secretary of State that P had a "seriously delinquent tax debt" within the meaning of I.R.C. § 7345 for the relevant years and liabilities. P filed a petition with this Court under I.R.C. § 7345(e)(1) to challenge the certification. R filed a motion for summary judgment arguing that the certification was proper.

*Held*: P's liabilities constitute a "seriously delinquent tax debt" under I.R.C. § 7345, and R's certification to the Secretary of State was not erroneous.

*Held, further*, the Court lacks jurisdiction under I.R.C. § 7345(e) to review challenges to R's compliance with the notification requirement set forth in I.R.C. § 7345(d).

————

Prince Amun-Ra Hotep Ankh Meduty, pro se.

*Susan K. Bollman,* for respondent.

**Served 05/23/23**

OPINION

URDA, *Judge*:  In this passport case petitioner, Prince Amun-Ra Hotep Ankh Meduty, seeks review pursuant to section 7345(e)[1] of the certification by the Commissioner of the Internal Revenue Service (IRS) to the Secretary of State that Mr. Meduty has a "seriously delinquent tax debt" for his 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2012 tax years.  The Commissioner has filed a motion for summary judgment under Rule 121, contending that his certification was proper and that he is entitled to judgment as a matter of law.  Seeing no error, we will grant the Commissioner's motion.

*Background*

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits.  *See* Rule 121(c).  The exhibits included the relevant portions of the administrative record that formed the basis of the certification.  Mr. Meduty lived in Georgia when he timely filed his petition.

Mr. Meduty (formerly known as Steven Bell) failed to file timely tax returns for the 2003–07, 2009, and 2012 tax years.  For each of these years except 2007, the IRS prepared a substitute for return under section 6020(b) and later assessed the tax shown on the substitute for return with penalties and interest.  Mr. Meduty filed a belated tax return for 2007, and the IRS assessed the amount shown on that return. The IRS also assessed frivolous tax return penalties against Mr. Meduty with respect to his 2005–08 tax years.

In an effort to collect these liabilities, the IRS levied against Mr. Meduty's right to receive his state income tax refunds through an automated levy process known as the State Income Tax Levy Program. These levies took place on a rolling basis from 2012 through 2018 as liabilities for various periods were assessed.

On July 3, 2018, the IRS sent via certified mail to Mr. Meduty's last known address a notice of intent to levy with respect to his outstanding liabilities.  Although the IRS received a signed return receipt three days later, Mr. Meduty did not request a collection due

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

process (CDP) hearing or otherwise contest the levy (and the time for doing so has long since expired). The IRS recorded an "initial levy" transaction code with respect to each of the periods and liabilities at issue on August 31, 2018.

On October 1, 2018, the IRS certified Mr. Meduty as an individual owing a seriously delinquent tax debt arising from tax years 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2012. The IRS concurrently sent Mr. Meduty, at his last known address, a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Department. At that point, Mr. Meduty's assessed liabilities totaled $106,346.

Approximately three years later, Mr. Meduty petitioned this Court to review the section 7345 certification under section 7345(e)(1). He asserted in his petition, inter alia, that the Commissioner had failed to cite any "authority implementing regulations published in the Federal Register for Code § 7345," that a levy is restricted to "salary or wages of an officer, employee or elected official of the United States or District of Columbia," and that "value of $10,000,000 was sent for acceptance[,] approval[, and] discharge of any debt."

*Discussion*

I.    *Background Law*

A.    *Scope and Standard of Review Under Section 7345*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). In cases that are subject to a de novo scope of review, we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

In cases in which the Court "must confine [itself] to the administrative record to decide whether there has been an abuse of discretion," the ordinary "summary judgment standard is not generally apt." *Van Bemmelen v. Commissioner*, 155 T.C. 64, 78 (2020). In those cases, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* at 79.

We need not decide in this case either the applicable scope or standard of review. *See, e.g.*, *Rowen v. Commissioner*, 156 T.C. 101, 106 (2021). As to the scope of review, there is no material dispute between the parties regarding the evidence we should consider. As to the standard of review, our decision would be the same whether we reviewed the Commissioner's certification de novo or for abuse of discretion.

B. *Section 7345 Overview*

If the Commissioner certifies that a taxpayer has "a seriously delinquent tax debt," section 7345(a) provides that the certification shall be transmitted "to the Secretary of State for action with respect to denial, revocation, or limitation of [the taxpayer's] passport."[2] The Commissioner is responsible for notifying the taxpayer of the certification. I.R.C. § 7345(d).

Generally, a "seriously delinquent tax debt" is a federal tax liability that has been assessed, exceeds $50,000 (adjusted for inflation), and is unpaid and legally enforceable. I.R.C. § 7345(b)(1), (f).[3] In addition, to prevail on his motion for summary judgment, the Commissioner must demonstrate that either "(i) a notice of lien has been filed pursuant to section 6323 and the administrative rights under section 6320 with respect to such filing have been exhausted or have lapsed, or (ii) a levy is made pursuant to section 6331." I.R.C. § 7345(b)(1)(C). As relevant here, section 6331 requires that the Secretary provide the taxpayer a "brief statement" describing, inter alia, levy procedures, administrative appeal rights, and collection alternatives at least 30 days before the issuance of the levy. I.R.C. § 6331(d).

If a certification is found to be erroneous, or if the certified debt is fully satisfied or ceases to be seriously delinquent, the IRS must reverse its certification and notify the Secretary of State and the taxpayer.

---

[2] Section 7345 outlines a two-step procedure whereby the Commissioner sends certification to the Secretary of the Treasury, who then transmits the certification to the Secretary of State. In practice, the IRS follows a one-step procedure whereby the Commissioner, as the Secretary's delegate, transmits the certification directly to the State Department. *See* I.R.C. § 7701(a)(11); *Internal Revenue Manual* (IRM) 5.1.12.27.1, .6, .8 (Dec. 20, 2017).

[3] The inflation-adjusted amount for 2018, the year of the certification here, was $51,000. *See* Rev. Proc. 2017-58, § 3.53, 2017-45 I.R.B. 489, 499. Although section 7345(b)(2) sets forth certain exceptions to the term "seriously delinquent tax debt," Mr. Meduty does not argue that any applies. We thus will not tarry over them.

I.R.C. § 7345(c)(1), (d). Section 7345(e)(1) permits a taxpayer who has been certified as having a "seriously delinquent tax debt" to petition this Court to determine "whether the certification was erroneous or whether the [IRS] has failed to reverse the certification." If we find that a certification was erroneous, we "may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous." I.R.C. § 7345(e)(2). The statute specifies no other form of relief that we may grant. *Adams v. Commissioner*, No. 1527-21P, 160 T.C., slip op. at 8 (Jan. 24, 2023).

II.   *Analysis*

A.   *Whether the Certification of Seriously Delinquent Tax Debt Was Erroneous*

The record shows that the Commissioner met the criteria to certify that Mr. Meduty has a "seriously delinquent tax debt." The Commissioner has supplied Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for Mr. Meduty's income tax liabilities for 2003, 2004, 2005, 2006, 2007, 2009, and 2012, as well as Forms 4340 related to the frivolous return penalties for 2005 through 2008. These Forms 4340 reflect assessments for each of the years and liabilities at issue and show that as of October 2018, Mr. Meduty had assessed, unpaid, and legally enforceable federal tax liabilities of $106,346. Although Mr. Meduty contests the validity of the underlying liabilities (primarily referencing run-of-the-mill tax-protester arguments), "we do not have jurisdiction to review the liabilities underlying the certification of a seriously delinquent tax debt." *See Adams*, 160 T.C., slip op. at 12–13 (citing *Ruesch v. Commissioner*, 154 T.C. 289, 295–98 (2020), *aff'd in part, vacated in part and remanded per curiam*, 25 F.4th 67 (2d Cir. 2022)); *see also Belton v. Commissioner*, T.C. Memo. 2023-13, at \*13.[4]

---

[4] We recognize that, after certification, the collection period of limitations expired for the 2003, 2004, 2005, 2006, and 2007 federal income tax liabilities and the 2005, 2006, 2007, and 2008 frivolous return penalty liabilities, and the balances due were written off. The total amount of Mr. Meduty's tax liabilities thus dipped below the 2018 threshold amount after the date of the certifications. This change in circumstances does not suggest that the certification should be reversed. Once a valid certification is made, section 7345(c)(1) and (2) provides that a debt "ceases to be a seriously delinquent debt" only if the debt "has been *fully* satisfied or has become legally unenforceable." (Emphasis added.) Since at least some of the debt remains outstanding and legally enforceable, this requirement has not been satisfied. *See Belton*, T.C. Memo. 2023-13, at \*16 n.17.

The record also establishes, with respect to each year and type of liability, that a "levy [has been] made pursuant to section 6331." *See* I.R.C. § 7345(b)(1)(C)(ii). To demonstrate levies pursuant to section 6331, the Commissioner relies on both the Forms 4340 and the declaration of a senior program analyst overseeing passport certifications, who was familiar with the Integrated Data Retrieval System (IDRS).[5]

The Forms 4340 for each of the periods and tax liabilities at issue reflect that the IRS (1) issued a notice of intent to levy via certified mail on July 3, 2018, (2) received a signed return receipt on July 6, 2018, and (3) made an initial levy[6] on August 31, 2018. For his part, the senior program analyst declared that he had reviewed Mr. Meduty's IDRS transcripts and that those transcripts displayed action code "TC 971 AC 640." This code "has been created to identify tax periods for which levy action has occurred." IRM 5.19.1.5.19.5(1) (Dec. 26, 2017); *see also Belton*, T.C. Memo. 2023-13, at \*22.

"[B]earing the presumption of regularity in mind, we agree that, absent any allegations or evidence that the levies were improper, action code[] . . . 640 would usually suffice to show that the Commissioner properly levied . . . the taxpayer[] . . . ." *Belton*, T.C. Memo. 2023-13, at \*22; *see also United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). Mr. Meduty challenges neither his receipt of the notice of intent to levy with respect to each period nor that the IRS properly levied upon his right to receive any state income tax refund by providing notice to the appropriate state official. *See Belton*, T.C. Memo. 2023-13, at \*22. We

---

[5] As we recently explained, IDRS is a computer interface that allows the IRS to retrieve a portion of the data it possesses regarding each taxpayer's federal tax obligations and generate transcripts with respect to such information. *See, e.g., Belton*, T.C. Memo. 2013-13, at \*14.

[6] The senior program analyst explained that the transcripts showed numerous levies against Mr. Meduty's state tax refunds through the automatic State Income Tax Levy Program starting in 2012. As the IRS acknowledges, such automatic levies are subject to a postlevy CDP proceeding under section 6330(c)(2) and plainly do not comport with the section 6331 requirement of notice before levy. *See also* IRM 5.1.12.27.5(3) (Dec. 20, 2017) (flush language) ("For purposes of passport certification, a state income tax refund levy will not be recognized as a levy until CDP notification is provided.").

thus conclude that the IRS satisfied the requirement that the levy be made pursuant to section 6331.

On the record before us, at the time of certification Mr. Meduty's liabilities met the statutory definition of "seriously delinquent tax debt."

B.     *Mr. Meduty's Remaining Arguments*

In his objection to motion for summary judgment and his supplement thereto, Mr. Meduty raises a panoply of silly and frivolous arguments, including that (1) section 7345 was ineffective without implementing regulations, *but see Int'l Multifoods Corp. & Affiliated Cos. v. Commissioner*, 108 T.C. 579, 587 (1997) ("It is well established that the absence of regulations is not an acceptable basis for refusing to apply the substantive provisions of a section of the Internal Revenue Code."); *Trans City Life Ins. Co. v. Commissioner*, 106 T.C. 274, 300 (1996) ("The Constitution does not require that the Commissioner prescribe regulations . . . [and i]n the absence of regulations, the statutory text may be interpreted in light of all the pertinent evidence, textual and contextual, of its meaning."); (2) levies under section 6331 are only proper against an "officer, employee, or elected official, of the United States or District of Columbia," *but see Pierson v. Commissioner*, 115 T.C. 576, 578–80 (2000) (finding an identical argument frivolous and without merit); and (3) he has fully satisfied his debt through the posting of a "bonded promissory note" for $10,000,000, *but see Goff v. Commissioner*, 135 T.C. 231, 236 (2010) ("Simply put, neither the note nor anything in connection with the note constitutes payment of [a taxpayer's] liabilities."). We will give no longer shrift to these contentions. *Wnuck v. Commissioner*, 136 T.C. 498, 501 (2011).

Mr. Meduty raises one nonfrivolous argument that implicates the scope of our jurisdiction under section 7345(e). Specifically, he contends that the IRS did not send him proper notice of the certification consistent with section 7345(d).

The jurisdiction Congress conferred in section 7345(e) does not extend to the review of the IRS's compliance with section 7345(d). Section 7345(e)(1) provides that after certification, "the taxpayer may bring a civil action . . . against the Commissioner in the Tax Court, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." "The text of section 7345(e) focuses exclusively on the Commissioner's actions certifying seriously delinquent tax debts and authorizes our Court (and

the district courts) to determine whether those actions are erroneous." *Adams*, 160 T.C., slip op. at 16.

As the U.S. District Court for the District of Columbia recently noted, "§ 7345 does not say that a flawed or failed notice renders a certification erroneous." *McNeil v. United States*, No. CV 20-329 (JDB), 2021 WL 1061221, at \*5 (D.D.C. Mar. 18, 2021), *aff'd per curiam sub nom. McNeil v. U.S. Dep't of State*, No. 21-5161, 2022 WL 4349598 (D.C. Cir. Sept. 20, 2022). And the structure of section 7345 belies such a conclusion. Subsections (a) and (b) describe when the Secretary of the Treasury must transmit certification to the Secretary of State and identify which debts qualify as "seriously delinquent tax debt." Neither suggests that notice is a prerequisite to a proper certification by the IRS of a "seriously delinquent tax debt." *See McNeil*, 2021 WL 1061221, at \*5. To the contrary, "subsection (d) says that notice to the taxpayer should be 'contemporaneous[]' with certification to State, so it logically cannot be a prerequisite to that certification." *Id.*

Like the District Court for the District of Columbia, we struggle to see any prejudice adhering to a taxpayer who does not receive proper notice of the certification contemplated in subsection (d). Subsection (e) supplies no period of limitations, and a taxpayer such as Mr. Meduty who does not receive proper notice (accepting his factual allegations in their most favorable light) is nonetheless able to challenge a certification. *See* I.R.C. § 7345(e); *see also McNeil*, 2021 WL 1061221, at \*5.

In short, we do not believe that our jurisdiction to determine whether a certification is erroneous encompasses patrolling compliance with the requirement to provide notice to a taxpayer "in simple and nontechnical terms of the right to bring a civil action under subsection (e)." *See* I.R.C. § 7345(d).

III. *Conclusion*

We hold that the certification of Mr. Meduty as a taxpayer owing a "seriously delinquent tax debt" was not erroneous. We will grant summary judgment for the Commissioner.

To reflect the foregoing,

*An appropriate order and decision will be entered.*