15-2927-cv
*Hauschild v. U.S. Marshals Serv., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            ROBERT D. SACK,
            DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DANIEL F. HAUSCHILD,
            *Plaintiff-Appellant*,

                    v.                                          15-2927-cv

UNITED STATES MARSHALS SERVICE, PATRICIA
HOFFMAN, Contracting Officer, Office of Security
Contracts, Judicial Security Division, United States
Service, in her individual capacity,
            *Defendants-Appellees*,

JOHN DOE, in his individual capacity,
                    *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        THOMAS N. CIANTRA (Kate M. Swearengen, *on the brief*), Cohen, Weiss and Simon LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:       BRANDON H. COWART, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Daniel F. Hauschild appeals from a judgment of the district court entered August 31, 2015 in favor of defendants-appellees the United States Marshals Service ("USMS") and Patricia Hoffman, dismissing his claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706(2)(A), (B).[1]   The district

---

[1] The district court also dismissed Hauschild's claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   Hauschild does not contest the district court's dismissal of this claim.   Hauschild's complaint cites 5 U.S.C. § 706 as the statutory basis for his APA claims.   That provision, however, only defines the scope of judicial

2

court explained its reasoning in a decision and order entered August 28, 2015. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Hauschild was employed by Akal Security, Inc. ("Akal"), a private company that contracted with USMS to provide security at courthouses in this Circuit. Under the terms of the contract between USMS and Akal (the "Contract"), USMS retained sole discretion to determine whether any individual would be permitted to work as a court security officer ("CSO") and whether any CSO had violated performance standards so as to warrant removal. The Contract set forth fifty-eight "CSO Performance Standards," constituting a code of conduct for CSOs. The Contract also provided that, upon USMS's request, Akal would investigate suspected violations of the CSO Performance Standards. USMS, however, reserved the right to remove CSOs from the court security program even where Akal determined that no violation occurred. The Contract further states that "the USMS intends to incorporate all valid [collective bargaining agreements] into the contract at time of award."

---

review for such claims. The source of an APA private right of action is 5 U.S.C. § 702, which "permits a party to bring an equitable claim challenging arbitrary and capricious action of an administrative agency in federal district court and waives the government's sovereign immunity with respect to such claims in that forum." *Atterbury v. U.S. Marshals Service*, 805 F.3d 398, 406 (2d Cir. 2015); *see also U.S. Dep't of Hous. & Urban Dev.*, 778 F.3d 412, 417 (2d Cir. 2015) (explaining that "the APA's limited waiver of the federal government's sovereign immunity permits only suits seeking relief other than money damages" (internal quotation marks omitted)).

Hauschild's employment with Akal was governed by a collective bargaining agreement (the "CBA"), which provided that "[n]o employee, after completion of his or her probationary period, shall be disciplined or terminated without just cause," and set forth a grievance and arbitration procedure for resolving contractual disputes. The CBA also provided that if a CSO were removed by USMS, his or her employment with Akal could be terminated "without recourse to the procedures under [the CBA]."

In 2012, USMS twice received information suggesting Hauschild had violated various CSO Performance Standards. Akal investigated the allegations. The results of the second investigation led to Hauschild being terminated as a CSO.

Hauschild alleged in his Complaint that USMS's decision to terminate his employment as a CSO was arbitrary and capricious and without sufficient due process. USMS moved to dismiss, arguing (1) the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491, precluded review of Hauschild's APA claim; and (2) even if the district court had subject matter jurisdiction, Hauschild had no property interest in continued employment as a CSO. The district court dismissed the APA claim for lack of subject matter jurisdiction, accepting the argument that the Tucker Act precluded review of the APA claim.

We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

4

The district court found that APA relief was precluded by the Tucker Act, which provides that district courts lack original jurisdiction over actions based on an express contract with the United States. *See Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 375 (2d Cir. 1999). The district court held that USMS's ability to take the disciplinary action against Hauschild was based on the Contract, and that Hauschild's claim to continued employment as a CSO therefore arose from a contract with the United States.

After the district court issued its judgment, we decided *Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398 (2d Cir. 2015). *Atterbury* concerned nearly identical factual circumstances: the dismissal of a CSO, employed by Akal pursuant to the same CBA at issue in this case, with the rights and obligations of Akal and USMS also governed by the Contract. *Atterbury*, 805 F.3d at 402-03. In *Atterbury*, we held that the Tucker Act did not preclude relief under the APA in those circumstances. *Id.* at 406-09. The Government now concedes that, in light of *Atterbury*, the Tucker Act does not preclude Hauschild from seeking relief under the APA.

The Government argues, however, that we should affirm the judgment because Hauschild has no protectable property interest in his continued employment as a CSO. The district court did not reach this question because it concluded it lacked subject matter jurisdiction over the APA claim. Similarly, the district court in *Atterbury* did not address this issue when it dismissed the case for lack of subject matter

5

jurisdiction. *Atterbury*, 805 F.3d at 406 n.3. There, we vacated the district court's dismissal of the APA claim without reaching the merits and remanded the case to allow the district court to address the merits of the APA claim -- including the property-interest question -- in the first instance. *Id.* at 406 n.3, 409. The same result is appropriate here.[2] Accordingly, we vacate and remand for the district court to address the merits of Hauschild's APA claim in the first instance, including the question whether he has an constitutionally protected employment-based property right in continued employment as a CSO.

Accordingly, we **VACATE** the judgment of the district court dismissing Hauschild's APA claim and **REMAND** the matter for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] The district court in *Atterbury* has not yet decided the merits of the APA claim. That decision, and any subsequent appeal, may be relevant in the present case to the district court's analysis of the merits of Hauschild's APA claim.