23-778-cv
*Hauschild v. USMS*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-four.

Present:
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

DANIEL F. HAUSCHILD,

> *Plaintiff-Appellant,*
>
> v.

UNITED STATES MARSHALS SERVICE,

> *Defendant-Appellee.*

23-778-cv

---

| | |
|---|---|
| For Plaintiff-Appellant: | KATE M. SWEARENGEN (Matthew E. Stolz, *on the brief*), Cohen, Weiss and Simon LLP, New York, NY |
| For Defendant-Appellee: | CHRISTINE S. POSCABLO (Christopher Connolly, *on the brief*), Assistant United States Attorneys, for Damian Williams, United States Attorney for the Southern District of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Daniel F. Hauschild appeals from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *District Judge*), entered on March 8, 2023, granting a motion by the Defendant-Appellee United States Marshals Service ("USMS") to dismiss his complaint. Hauschild—who was employed by Akal Security, Inc. ("Akal") to provide security services on behalf of the USMS as a court security officer ("CSO") at the federal courthouse in Poughkeepsie, New York—sued the USMS, claiming that it failed to provide him with due process before removing him from the Court Security Program, which led to his termination by Akal in 2012. Hauschild sought review of the USMS's action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Hauschild's suit generated two prior appeals to our Court, *Hauschild v. U.S. Marshals Serv.*, 672 F. App'x 93 (2d Cir. 2016) (summary order); *Atterbury v. U.S. Marshals Serv.*, 941 F.3d 56 (2d Cir. 2019), and ultimately resulted in a remand to the USMS for the agency to articulate its reasons for removing Hauschild from the CSO program and to hold a hearing if necessary to resolve any factual disputes, *Atterbury*, 941 F.3d at 63-64.

Further administrative proceedings took place over the next two years. On August 19, 2020, the USMS provided Hauschild with a written explanation detailing the specific facts upon which its removal decision was based. The USMS explained that Hauschild had admitted that he

2

directed another CSO to accompany his brother, who is a convicted felon with a history of mental health issues, to perform handyman work at a judge's house. The USMS further noted that the CSO did not remain at the judge's residence but returned to the courthouse, which left the judge in potential danger. The USMS explained that in his capacity as a CSO, Hauschild did not have authority to direct another CSO to leave the courthouse on a private, non-security matter, and that he had violated the chain of command by failing to notify a supervisor of the judge's request for assistance. The USMS concluded: "Your actions and extremely poor judgment circumvented the contract's processes and procedures and put the judiciary in danger. Your conduct undermined the USMS'[s] confidence and trust in your ability to perform effectively as a CSO." App'x at 33.

Hauschild was then afforded opportunities to make written and oral submissions to contest the USMS's removal decision. In his submissions, he did not dispute that he had engaged in the conduct upon which the USMS had relied, but instead argued that his removal was unwarranted. In a letter dated April 13, 2021, the USMS explained that after considering Hauschild's additional submissions, it adhered to its earlier decision to request his removal from the CSO contract. In a supplemental letter dated September 23, 2021,[1] the USMS clarified that it had accepted as true various additional factual assertions by Hauschild, including that his brother had previously done handyman work for the judge, that the judge was aware of the brother's criminal history, and that she asked Hauschild to send him to her residence. Even so, the USMS reiterated that Hauschild's

---

[1] The USMS submitted the September 2021 letter to Hauschild after Hauschild filed his complaint in this action. When the USMS moved to dismiss Hauschild's complaint, it attached the letter to a declaration filed in support of the motion. Hauschild does not argue on appeal that the district court erred in considering the letter and indeed contends that the letter supports his position. We need not decide whether the September 2021 letter was properly before the district court when it ruled on the motion to dismiss for failure to state a claim, because it does not affect our decision. We mention that letter only to address the arguments that Hauschild raises about it.

actions exceeded his contractual authority as a CSO and "demonstrated extremely poor judgment." App'x at 65. The USMS also noted that Hauschild's decision left the courthouse short-staffed and violated the Performance Standards in his contract.

Still unsatisfied with the process provided by the USMS, Hauschild filed the current complaint invoking APA § 706(2)(B) and (D).[2] He alleged that the USMS failed to provide him with a sufficient explanation of the evidence that it relied upon and failed to provide him with an evidentiary hearing at which he could have responded to the evidence brought against him. The complaint further alleged that Hauschild requested that the hearing be conducted "before a neutral decisionmaker jointly selected by USMS and Hauschild," but that the hearing eventually held was before a USMS employee. App'x at 21. The USMS moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the USMS's motion in its entirety. This appeal followed.[3]

"We review *de novo* a district court's grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6), accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of . . .

---

[2] Hauschild does not challenge the district court's dismissal of his claim under APA § 706(2)(D).

[3] Before turning to the merits, we note that to the extent that the district court concluded that the case was moot as a matter of Article III jurisdiction, that conclusion was erroneous. Although the district court reasonably concluded that an evidentiary hearing before the USMS would effectively have served no purpose, Hauschild retained a legally cognizable interest *in the litigation* and his case was therefore not moot. *See Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70 (2d Cir. 2022). As explained below, however, we affirm the district court's dismissal of Hauschild's claims for failure to state a claim.

4

property, without due process of law." U.S. Const. amend. XIV, § 1. As we held in an earlier stage of this litigation, "Hauschild had a constitutionally protected property interest in [his] continued employment" as a CSO. *Atterbury*, 941 F.3d at 63. Due process "is flexible and calls for . . . procedural protections as the particular situation demands," *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (quoting *Brody v. Vill. of Port Chester*, 434 F.3d 121, 134 (2d Cir. 2005)), and does not require the government to provide the same procedural protections for every deprivation of a property or liberty interest, *see Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). In these circumstances, we held that due process required that the USMS provide an "explanation of the reasons for its decision[] that [Hauschild] be removed from the CSO program," and that "to the extent that facts were in dispute, some form of hearing was required." *Atterbury*, 941 F.3d at 63-64.

Hauschild first argues that on remand, the USMS deprived him of due process by failing to give him sufficient notice of the charges and evidence against him—in other words, of the conduct that allegedly justified his removal from the Court Security Program. We disagree. In its letter dated August 19, 2020, the USMS explained to Hauschild that he had been removed because (1) he sent his brother, a convicted felon with a history of mental health issues, to the private residence of a judge, (2) he instructed a fellow CSO to escort his brother to the judge's residence and then return to the courthouse, leaving his brother alone at the judge's residence, and (3) he had not sought supervisory approval for any of this. The USMS emphasized that Hauschild's conduct placed the judge in potential danger and was a clear violation of the chain of command. As a result, the USMS stated that Hauschild's "conduct undermined the USMS'[s]

5

confidence and trust in [his] ability to perform effectively as a CSO." App'x at 33. This explanation adequately informed Hauschild of the basis for the USMS's decision.

Hauschild nevertheless argues that the USMS did not provide sufficient notice of the objectionable conduct because two additional details supporting the USMS's decision—that Hauschild had left the courthouse short-staffed and that he violated unspecified performance standards listed in his employment contract—appeared for the first time in the USMS's September 23, 2021 letter clarifying its decision. We are unpersuaded. The USMS's August 19, 2020 letter clearly outlined the *conduct* that prompted its decision—in other words, it fully identified which of *Hauschild's actions* triggered his removal from the program. It also identified the evidence that the USMS relied on in concluding that Hauschild had engaged in that conduct: Hauschild's own admissions. The USMS's follow-up letter in September 2021 merely provided additional explanation for why the agency deemed that conduct to be sufficiently troubling to warrant his removal. Put another way, the subsequent letter did not expand the universe of facts upon which the USMS based its decision, nor did it suggest that the USMS had shifted its reasons for the decision. Instead, it merely expanded on the USMS's reasoning to clarify any ambiguity in the previous letter. Given that Hauschild does not dispute any of the evidence regarding his actions, and that he had multiple opportunities to respond to the USMS regarding whether those actions warranted discipline, the district court properly held that the USMS provided adequate notice to Hauschild of the charges giving rise to his removal from the Court Security Program and the evidence supporting those charges.

Hauschild next argues that the USMS was required to provide a hearing before a neutral

6

decisionmaker, rather than before the USMS itself. But Hauschild has identified no legal authority establishing such a requirement as a general matter. We agree with the district court that the USMS's decision to remove a CSO from the Court Security Program is a matter committed to agency discretion by law, and therefore not subject to review. APA § 701(a)(2); *see Hauschild v. U.S. Marshals Serv.*, No. 13-CV-05211, 2018 WL 3014095, at *6 (S.D.N.Y. June 15, 2018), *aff'd and remanded sub nom. Atterbury*, 941 F.3d 56. Hauschild nevertheless contends that due process entitles him to a neutral decisionmaker because the USMS's process was pretextual and conducted in bad faith, as evidenced by how (in his view) the allegations against him shifted over time in the USMS's multiple letters. Even if due process might require a neutral decisionmaker from outside the relevant government agency when a terminated public employee plausibly alleges bad faith conduct, we agree with the district court that Hauschild has not adequately alleged bad faith, or that the Washington, D.C.-based USMS employees who presided over the hearing process were biased. In its letters of August 2020, April 2021, and September 2021, the USMS consistently explained that Hauschild's removal was based on the incident when he dispatched a CSO to bring his brother to do handyman work at the judge's house, and that this conduct both violated the chain of command and placed the judge in a situation of potential danger. The USMS also clarified that it accepted the facts that Hauschild offered to explain his conduct and based its decision on his undisputed conduct. None of this supports an inference of bad faith or bias. At bottom, Hauschild simply disagrees with the USMS's assessment of the seriousness of his conduct, and with the disciplinary consequences that the USMS deemed appropriate.

Finally, to the extent Hauschild argues that the USMS was required to hold a full-blown

7

evidentiary hearing, rather than the hearing during which it accepted his oral submissions, we are not persuaded. Hauschild has not identified any material factual disputes that needed to be resolved. The USMS's removal decision turned entirely on undisputed facts about Hauschild's conduct. The USMS was not obliged to engage in any additional factfinding about irrelevant issues, much less to do so through an evidentiary hearing.

*     *     *

We have considered the remainder of Hauschild's arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court